IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA LEE WIGGINS,

    Plaintiff,

v.                                                                               No. 1:23-cv-00078-KWR-SCY

FNU SEGWICK, *et al*,

    Defendants.

## ORDER DENYING IN FORMA PAUPERIS MOTION AND DIRECTING CURE

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) (Motion). Plaintiff is incarcerated and proceeding *pro se*. He seeks to prosecute his Prisoner Civil Rights Complaint without prepaying the $402 filing fee. The Court may only grant such relief where an inmate's "affidavit [and] … statement of … assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff's most recent financial statement reflects a balance of $1346.07 in his inmate account. *See* Doc. 2 at 9. The Court will therefore **DENY** the Motion. If Plaintiff wishes to prosecute this action, he must prepay the $402 filing fee within thirty (30) days of entry of this Order. The failure to timely comply will result in dismissal of this case without further notice.

The Court also notes that the Complaint lists Plaintiff's address as "c/o Law Office of Joel Meyers. 1000 Cordova Place, #930, Santa Fe, NM 87505." Doc. 1 at 2. However, Plaintiff purports to sign the handwritten Complaint himself and appear *pro se*. *Id.* at 11. Plaintiff's signature block lists his current address as P.O. Box. 837, Estancia, NM 87016 (the "Estancia Facility"). *Id.* If Plaintiff has retained Mr. Meyers to represent him in this case, Mr. Meyers must enter an appearance pursuant to N.M. Local Rule 83.4 within thirty (30) days of entry of this Order. Otherwise, Mr. Meyers can no longer participate in this case, and the Clerk will send all

correspondence to Plaintiff at the Estancia Facility.

To the extent Plaintiff seeks the appointment of Mr. Meyers, such request is denied. "Courts are not authorized to appoint counsel in 1983 … cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). This decision is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not take the extraordinary step of asking a local attorney to handle this case on a *pro bono* basis. The claims pertain to discrimination and retaliation with respect to prison grievances, which are not especially complex, and Plaintiff has not demonstrated an inability to prosecute the action. The request to appoint counsel will be denied.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* (**Doc. 2**) is **DENIED**; and Plaintiff shall prepay the $402 filing fee within thirty (30) days from entry of this Order.

**IT IS FURTHER ORDERED** that any request to appoint counsel is **DENIED**; and Mr. Meyers must enter an appearance as privately retained counsel within thirty (30) days of entry of this Order or stop participating in this case.

**IT IS FINALLY ORDERED** that the Clerk shall **MAIL** a copy of this Order to Plaintiff's address of record (c/o Law Office of Joel Meyers) and to Plaintiff at the following address:

Torrance County Detention Facility
P.O. Box. 837, Estancia, NM 87016.

**IT SO ORDERED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**