# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSHUA LEE WIGGINS,

      Plaintiff,

v.                                            No. 23-cv-0078 MLG-SCY

FNU SEGWICK, *et al.*,

      Defendants.

## <u>ORDER OF DISMISSAL</u>

This matter is before the Court following Plaintiff Joshua Lee Wiggins' failure to prosecute his *pro se* Prisoner Civil Rights Complaint (Doc. 1) ("Complaint"). Plaintiff filed this case while detained at the Torrance County Detention Center ("TCDC"). *See* Doc. 1 at 2. The Complaint primarily challenges the conditions of confinement and disciplinary/grievance process at TCDC. Plaintiff did not submit the $402 civil filing fee along with his Complaint. By an Order entered March 13, 2023, the Court (Hon. Kea Riggs) denied Plaintiff's Motion to Proceed *In Forma Pauperis*. *See* Doc. 4. *In forma pauperis* relief is only available where an inmate's "affidavit [and] . . . statement of . . . assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Because Plaintiff's most recent inmate account statement reflects a balance of $1346.07, Judge Riggs directed him to pay the $402 fee within thirty (30) days. *See* Doc. 2 at 9; Doc. 4. The Clerk's Office mailed the Order to Plaintiff at TCDC and to the Law Office of Joel Meyers. Although Plaintiff is proceeding *pro se*, the Complaint lists that office as one of his addresses. *See* Doc. 1 at 2. The Order warned that the failure to timely comply may result in dismissal of this case without further notice. *See* Doc. 4.

The payment deadline expired on April 12, 2023. Plaintiff did not pay the filing fee, show

cause for such failure, or otherwise respond to the Order. The mailing sent to TCDC was also returned as undeliverable with the notation "Released." *See* Doc. 5. Plaintiff has not provided his new address, as required by D.N.M. LR-Civ. 83.6. For these reasons, the Court will dismiss the Complaint under Fed. R. Civ. P. 41(b) "for failure to prosecute" and "comply with . . . court orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). This dismissal is without prejudice to refiling, and it does not count as a "strike" for purposes of the three-strike rule in 28 U.S.C. § 1915(g). *See* 28 U.S.C. § 1915(g) (inmates cannot proceed *in forma pauperis* if they file three or more complaints that fail to state a cognizable claim); *Carbajal v. McCann*, 808 F. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing procedural dismissals under Rule 41(b) from screening dismissals for failure to state a claim).

**IT IS ORDERED** that Plaintiff Joshua Lee Wiggins' Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice**; the Court will enter a separate judgment closing this civil case.

_____
HON. MATTHEW GARCIA
UNITED STATES DISTRICT JUDGE

2